**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3635-17T1

GREEN TREE PACKING, INC.,

    Plaintiff-Respondent,

v.

LAWRENCE S. BERGER,

    Defendant-Appellant.

_____

          Submitted December 17, 2018 – Decided January 30, 2019

          Before Judges Haas and Mitterhoff.

          On appeal from Superior Court of New Jersey, Law Division, Morris County, Docket No. L-1882-16.

          Berger & Bornstein, LLC attorneys for appellant (Lawrence S. Berger and Robert A. Bornstein, on the briefs).

          Schiller, Pittenger & Galvin, PC, attorneys for respondent (Robert B. Woodruff, of counsel; Jay B. Bohn, on the brief).

PER CURIAM

Defendant Lawrence S. Berger appeals from a final judgment entered by the Law Division, after a bench trial, awarding Plaintiff Green Tree Packing, Inc. ("Green Tree") $24,337.83 and counsel fees. We affirm.

We recite the relevant facts from the record. Green Tree is a meat and fish company that sells to businesses throughout the metropolitan New York area. Green Tree supplied meats and seafood to Pazzo Pazzo, a restaurant operated by defendant, through a corporation, for a number of years. Defendant signed a personal guaranty of Pazzo Pazzo's obligations to Green Tree in July 2013.

By October 2013, Pazzo Pazzo owed approximately $345,000 to Green Tree in unpaid invoices. As an inducement for a further line of credit, Princeton Office Park, LP, another entity operated by defendant, issued a partial guaranty of Pazzo Pazzo's debt to Green Tree up to $350,000 in November 2013. This guaranty was secured by a mortgage on real property owned by Princeton Office Park, LP. In October 2014, the real property was sold and $350,000 was applied to Pazzo Pazzo's debt to Green Tree.

The parties dispute the amount owed by Pazzo Pazzo after crediting the $350,000 payment. On August 16, 2016, plaintiff filed a complaint alleging that defendant owed $24,700.54 on the guaranty of Pazzo Pazzo's obligations after

the $350,000 payment.  Defendant filed an answer and counterclaim, but withdrew the counterclaim prior to trial.  Judge Maryann L. Nergaard, J.S.C., conducted a bench trial on January 22 and January 23, 2018.  At trial, defendant maintained that the total debt owed by Pazzo Pazzo to Green Tree was $8,999.39.

At the close of the trial, Judge Nergaard rendered an oral decision.  Judge Nergaard found that plaintiff was entitled to $24,337.83 based on invoices and bounced checks that had been admitted into evidence.  On February 26, 2018, Judge Nergaard entered a final judgment in the amount of $24,337.83 plus 6,084.45 in counsel fees.  Defendant appealed the final judgment.[1]

On appeal, defendant raises the following arguments:

> POINT ONE
>
> The Exhibits Offered by Defendant at Trial and Ruled Inadmissible by the Trial Court as Hearsay Were Summaries Properly Admissible under [N.J.R.E.] 1006.
>
> POINT TWO
>
> The Trial Court's Factual Finding as to the Amount Outstanding was Not Supported by Adequate and Admissible Evidence in the Record.

---

[1] Defendant does not appeal the award of counsel fees.

3

Our review of a bench trial is limited. "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonable credible evidence as to offend the interests of justice." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quotation omitted).

Additionally, our review of a trial judge's evidentiary rulings is deferential. "[A] trial court's evidentiary rulings are 'entitled to deference absent a showing of an abuse of discretion, i.e., there has been a clear error of judgment.'" State v. Brown, 170 N.J. 138, 147 (2001) (quoting State v. Marrero, 148 N.J. 469, 484 (1997)). "Thus, we will reverse an evidentiary ruling only if it 'was so wide off the mark that a manifest denial of justice resulted.'" Griffin v. City of E. Orange, 225 N.J. 400, 413 (2016) (quoting Green v. N.J. Mfrs. Ins. Co., 160 N.J. 480, 492 (1999)).

Guided by these standards of review, we first turn to defendant's argument that the trial court improperly excluded exhibits as hearsay that should have been admitted as summaries under New Jersey Rule of Evidence 1006. N.J.R.E.

1006. At trial, defendant presented the testimony of Pazzo Pazzo's bookkeeper. The bookkeeper had prepared three schedules of invoices that were intended to show the balance of Pazzo Pazzo's debt to Green Tree. The bookkeeper prepared these schedules the week before trial. The first schedule purported to show invoices that were unpaid as a result of bounced checks. The second schedule purported to show invoices that were paid with the $350,000 payment from Princeton Office Park, LP, with the dates of invoices spanning from August 2012 to December 2013. The third schedule purported to show that defendant had paid all invoices dated before August 2012.

At trial, plaintiff objected to the bookkeeper testifying to the amounts and totals listed in each schedule. The trial court ruled that the schedules were inadmissible hearsay and did not qualify as summaries under Rule 1006. The trial court, however, allowed the bookkeeper to use the schedules to refresh her recollection and testify that based on her review of the invoices, the amount of debt owed to plaintiff was $2.062.18.

We reject defendant's contention that the trial court improperly excluded these exhibits. Rule 1006 provides:

> The contents of voluminous writings or photographs which cannot conveniently be examined in court may be presented by a qualified witness in the form of a chart, summary, or calculation. The originals, or

> duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The judge may order that they be produced in court.
>
> [N.J.R.E. 1006.]

In this case, defendant did not provide the original copies of the invoices that the bookkeeper reviewed in composing the schedules during discovery or at trial. Thus, even if the schedules may have fallen under an exception to the hearsay rule, they were inadmissible as summaries without the underlying invoices having been made available for examination at a reasonable time. The trial court, therefore, appropriately exercised its discretion in refusing to admit the schedules into evidence.

We next address defendant's argument that the trial court's finding as to the total amount due to plaintiff was not supported by adequate evidence in the record. Based on our review of the review of the record, we find that the trial court appropriately considered the witnesses' testimony, as well as the invoices and bounced checks admitted into evidence, in determining the amount due to plaintiff. Giving appropriate deference to the trial court's factual findings, we reject defendant's contention that the amount of the judgment lacks adequate support in the record.

A-3635-17T1

To the extent we have not specifically addressed any other arguments raised by defendant, we find them without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION